# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD PROUSE,<br><br>   Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. 1:15-cv-03062-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 18. Attorney D. James Tree represents plaintiff (Prouse). Special Assistant United States Attorney Tina R. Saladino represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 7. On November 2, 2015, plaintiff filed a reply. ECF No. 19. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 18.

## JURISDICTION

Prouse protectively applied for supplemental security income disability

ORDER ~ 1

benefits (SSI) on April 16, 2010, alleging onset as of April 15, 2010. (Tr. 96-99.) The claim was denied initially and on reconsideration. (Tr. 40-44, 51-52.) Administrative Law Judge (ALJ) Timothy Mangrum held hearings March 12, 2013 and September 3, 2013. Prouse, represented by counsel, and vocational experts testified.  (Tr. 445-482.) On December 23, 2103, the ALJ issued an unfavorable decision. (Tr. 16-28.) The Appeals Council denied review March 4, 2015 (Tr. 4-10), making the ALJ's decision final. On April 30, 2015 Prouse filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcripts, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Prouse was nineteen years old when he applied for benefits. He has a tenth or eleventh grade education, has not earned a GED and has  no past relevant work. Activities include watching television, playing video games, cooking, cleaning, laundry, yard work and spending time with friends and a girlfriend. Prouse alleges physical and mental limitations.  (Tr. 27, 146, 156, 478.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and  (2)  a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found Prouse did not work at SGA levels after he applied for benefits. (Tr. 18.) At steps two and three, he found Prouse suffers from history of attention deficit hyperactivity disorder (ADHD)[He took ritalin for this until he turned eighteen.]; borderline intellectual functioning; affective disorder; anxiety and personality disorder, impairments that are severe but do not meet or medically equal a Listed impairment. (Tr. 18, 20.) The ALJ found Prouse less than fully credible. (Tr. 22.) He found plaintiff is able to perform a full range of work at all exertional

ORDER ~ 6

levels but has mental limitations. (Tr. 21.) At step four, ALJ Mangrum found plaintiff has no past relevant work. At step five, relying on a vocational expert's testimony, the ALJ found Prouse can perform other jobs, such as laundry worker, hand packager and generic production assembler. Accordingly, the ALJ found plaintiff not disabled as defined by the Act. (Tr. 27-28.)

## ISSUES

Prouse alleges the ALJ erred when he evaluated the medical evidence and assessed credibility. ECF No. 15 at 10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 18 at 2-3.

## DISCUSSION

*A. Credibility*

Prouse alleges the ALJ's credibility assessment is not properly supported. ECF No. 15 at 22-30.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*,

81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

Plaintiff has been diagnosed with drug seeking behavior, as the ALJ points out. He showed a pattern between December 2010 through May 2012 of visiting the ER and "magnifying his physical symptoms for the purpose of obtaining narcotic medication." This included admitting to an ER doctor in December 2012 he has been snorting tramadol (ultram), apparently prescribed for wrist pain. In August 2011 he left the ER when told he would not be prescribed narcotic medication (Tr. 24, 122, 226, 332, 375.)

Plaintiff has failed to comply with medical treatment, without adequate explanation. He told Dr. Adkison that after suffering an injury to his left hand, it was put in a cast; however, he removed it three weeks later "after having an argument with his mother." He testified that he was hit in the left hand by brass knuckles in a fight and was put in a splint. Against medical advice he reinjured it playing football with friends a week later (Tr. 19, 186, 475). *See also* Tr. 139-40 (noted is noncompliant with mental health treatment process, refuses any mental health services); Tr. 144 (reports was dropped from mental health services for non-

ORDER ~ 8

compliance).

Plaintiff's subjective complaints are unsupported by the medical evidence. He testified he cannot lift anything with his left arm, it becomes "really sore" after typing on the computer for 20 to 30 minutes and he drops the phone because of his hand issues. (Tr. 476-77.) The medical record shows he recovered completely after surgery.

Daily activities are inconsistent with the limitations plaintiff describes. Plaintiff testified he worked for a friend two months earlier, opening the friend's shop, sitting the counter and closing the shop, while his friend was out of town. (Tr. 471). Plaintiff also works checking identification and watching the cash register at a private club. Both jobs are reportedly paid "under the table." He spends his time hanging out with friends and his girlfriend, playing video games and watching television. (Tr. 20, 156, 166, 257, 329.)

The ALJ considered plaintiff's many inconsistent statements. In March 2012 he said he was fired from a job at a "cherry factory in July 2011," but in December 2011 he told another examiner he quit on July 5, 2011, because of a panic attack (Tr. 23, 155, 241.) Plaintiff has inconsistently reported a history of abuse as a child. In March 2013 Prouse reported he grew up with an alcoholic father who beat all the family members on a daily basis. In August 2009 he said he had no history of physical abuse growing up. (Tr. 23, 133, 165.) He has inconsistently reported his

ORDER ~ 9

substance abuse history. Plaintiff testified he used methamphetamines for only a few months.  In 2012 he reported he had used it daily for a year and a half (Tr. 23-24, 155, 464.)  The ALJ cites other instances of these inconsistencies, including reported marijuana use. All are fully supported by the record. *See* Tr. 24, 147 (reports in January 2011 he last used marijuana in September 2010 and methamphetamine in October 2010); 234 (reports in August 2011 last used marijuana in April 2010); 343-44 (on May 1, 2012, reports clean from methamphetamine for six months, last used marijuana on April 6, 2012 and snorted tramadol on May 1, 2012); 464 (testified last used methamphetamine on Halloween in 2010).

Examiner Dr. Neer opined "claimant's report was at times questionable in reliability." (Tr. 154.) Plaintiff told psychologist Dr. Moon he could not work because of his left arm, he works side jobs and lived with his older sister. (Tr. 165-66.)

The ALJ also notes plaintiff's criminal history does not enhance his credibility. (Tr. 24.) Plaintiff has a felony conviction for burglary and lesser convictions of domestic violence, assault, violation of a no contact order and malicious mischief. (Tr. 131, 133, 139, 146, 166.)

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective

complaints contradicted by medical records and by daily activities, as well as inconsistent statements, are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ's credibility assessment is supported by the evidence and free of harmful error. Plai ntiff's allegations that the Commissioner supplies reasons the ALJ did not articulate is not supported by the record.

*B. Physical impairments*

Prouse alleges the ALJ erred at step two. He alleges the ALJ should have found his left wrist impairment is severe and causes work-related limitations. ECF No. 15 at 30-31. The Commissioner responds that the ALJ appropriately weighed the medical opinions and evidence. ECF No. 18 at 3-5.

The Commissioner is correct.

A diagnosis may establish a medically determinable impairment, but does not alone establish an impairment is severe. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996 )(internal quotation marks omitted). Step two is a "de minimis screening device [used] to dispose of groundless claims," and an ALJ

may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." *Webb*, 433 F. 3d a 687, citing *Smolen*, 80 F.3d at 1290; S.S.R. 85-28.

In August 2012 plaintiff had surgery, an osteotomy, to repair his left wrist. (Tr. 19, 192.) At a postoperative appointment in December 2012, he reported marked improvement in pain and range of motion. He denied tingling or numbness in his hands or fingers. On examination, there was no tenderness in the left hand and his wrist had full, active pain-free range of motion. When seen in January and March 2013 plaintiff denied any pain in his upper extremities. In July 2013 motor strength was 5/5, sensation was intact and range of motion was full throughout all extremities. (Tr. 19, 404, 412, 416, 434.) As the ALJ observes, within twelve months of the injury plaintiff had full, active pain-free range of motion in his left wrist. The July 2013 examination revealed no left wrist impairment or limitations. The record fully supports the ALJ's step two finding that plaintiff does not suffer a severe left wrist impairment that causes any more than minimal work-related limitations.

*C. Psychological impairments*

Plaintiff alleges the ALJ improperly rejected the opinions of Mr. Clark, Mr. Moen and Dr. Rodenberger, Mr. Anderson and Tae-Im Moon, Ph.D. ECF No. 15 at 12. Specifically, he alleges the ALJ erred when he found various sources failed to perform a mental status examination because they did, in fact, perform these

ORDER ~ 12

1  examinations. ECF No. 15 at 15-16, citing Tr. 172-73 (MSE performed by Chris

2  Clark, M.Ed., November 4, 2009); Tr. 195-200 (Clark's evaluation also dated

3  November 4, 2009); Tr. 174-77 (MSEs performed by Moen and Rodenberger).

4  The Commissioner responds that the ALJ's assessment of these opinions is

5  supported overall. ECF No. 18 at 5-15. The Court agrees.

6  Plaintiff worked checking identification at a private club. (Tr. 166.) He

7  worked at a store open to the public. Other examining sources opined plaintiff has

8  no severe mental impairment. See Tr. 157 (John Neer, Psy.D., opined in March 2012

9  plaintiff presents as rather immature but does not appear to suffer any major mental

10 illness). The ALJ properly relied on this evidence when he rejected the assessed

11 severe limitations. Any error in failing to credit the MSEs was clearly harmless.

12 The ALJ rejected some of the dire assessments because there was no

13 objective evidence supporting them, they were on a check box form, other

14 examining sources contradicted them and plaintiff worked during the relevant

15 period. The ALJ's reasons are specific, legitimate and supported by the record. An

16 ALJ may properly reject any opinion that is brief, conclusory and inadequately

17 supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.

18 2005). Opinions given in formats that provide little opportunity for the physician to

19 explain the bases of their opinion, such as check-box forms, are entitled to little

20 weight. *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Moreover, plaintiff

*himself* felt he was able to work at various times, and he has worked, indicating greater ability than assessed by these sources.

As a non-acceptable medical sources, the opinions of Mr. Clark, Mr. Moen, and Mr. Anderson need only be rejected by germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ's reasons are germane. These opinions are contradicted by other evidence, including plaintiff's self-reported activities.

The ALJ credited Dr. Moon's opinion that plaintiff is limited to unskilled work, should have no contact with the public, and contact with co-workers is limited to occasional. He rejected Moon's opinion that mood instability, in part, interferes with the ability to work because it not supported by clinical findings. (Tr. 25, 240.) The ALJ is correct. Dr. Moon did not observe this reported symptom, and plaintiff's self-reporting is highly unreliable. Dr. Moon also assessed a marked limitation in the ability to maintain appropriate behavior in a work setting (Tr. 167), but this is plainly contradicted by plaintiff's ability to work.

The assessed RFC appears to fully account for the limitations supported by the record. Prouse alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court

may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Plaintiff's motion for summary judgment, ECF No. 15, is denied.

Defendant's motion for summary judgment, **ECF No. 18**, is **granted.**

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 7th day of January, 2016.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE